IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-10841
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICTOR MANUEL MENCHACA-VALLES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-8-ALL

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Menchaca-Valles (Menchaca) challenges his conviction and 144-month sentence for illegally reentering the United States after having been deported. The district court departed upward from the guidelines sentencing range by 48 months and required the sentence to run consecutively to the 24-month sentence imposed upon revocation of Menchaca's supervised release. The court noted that the sentence was determined by considering the advisory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines and the factors under 18 U.S.C. § 3553(a). The district court explained the reasons for its departure as follows:

> Only an upward departure sentence of 144 months, which is 48 months above the top of the guideline range but 96 months or eight years below the statutory maximum, will achieve the Court's sentencing objectives of punishment, deterrence, and protection of the public.
>
> To arrive at a sentence of 144 months, the Court considered the fact that the defendant has committed his crimes for which there are 13 consecutive convictions over a relatively short period of 25 years, which means an additional crime every other year, which indicates him to be a severe recidivist.
>
> Nine of those 13 convictions are related to immigration violations indicating that he has no respect for the immigration laws of the United States, that he has been undeterred by the relatively light to moderate sentences he has received, and that the only way to prevent his continued violation of the law of the United States as to immigration is to incarcerate him.
>
> After considering that, I move incrementally down the guidelines offense level chart until arriving at an offense level of 28, which yields in conjunction with the criminal history category of VI, a guideline range of 140 to 175 months. This offense level is required to place this defendant in a category necessary to equate him and his criminal behavior with scofflaws of his caliber.

Menchaca asserts that the 48-month departure is unreasonable. He asserts that the factors relied upon by the district court were accounted for in the calculation of the guidelines sentence. He further asserts that most of his immigration offenses occurred more than 20 years ago and that the majority of his convictions occurred while he was in his late teens and early 20s. He asserts that his risk of recidivism has declined because he is now 45 with children. He also asserts that a 40% departure upward is unreasonable because the maximum guidelines sentence is greater than the guidelines sentences for other "more serious crimes." In addition, he contends that the departure was not necessary to protect the public because his offenses were victimless. Finally, he asserts that the guidelines maximum, along with the two-year sentence for

revocation of his supervised release, is sufficient to deter any future criminal conduct.

We review the sentencing decisions of the district court for reasonableness. Gall v. United States, __ U.S. __, 128 S. Ct. 586, 594 (2007).  Because Menchaca did not object to the departure in the district court, we review the issue for plain error.  United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978); United States v. Lopez-Velasquez, ___ F.3d ___, Nos. 07-10151 and 07-10321, 2008 WL 1874577, at *1 (5th Cir. Apr. 29, 2008).  We may reverse the sentence only if (1) there is error (the sentence was unreasonable); (2) that is plain; and (3) it affects substantial rights.  Peltier, 505 F.3d at 392. "Moreover, [FED. R. CRIM. P. 52(b)] leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks and citation omitted).

Menchaca fails to establish that the district court imposed an unreasonable sentence.  First, the fact that part of his criminal history was accounted for in the calculation of the guidelines range does not prevent the district court from relying on the criminal history to impose a greater sentence. See Lopez-Velasquez, 2008 WL 1874577, at *2.  Next, Menchaca's age and parenthood have not decreased his propensity for criminal activity, as evidenced by his recent convictions for illegal reentry and driving while intoxicated.  His argument that the departure is not needed to protect the public is unconvincing because his 13 arrests, 6 deportations, 10 federal convictions, and 3 state convictions have cost the public greatly in terms of immigration and judicial resources.  Likewise, his assertion that the guidelines maximum would be sufficient to deter him from committing further crimes is unpersuasive in light of his criminal record.  His history of flouting the laws of the United States supports a sentence substantially higher than the guidelines range.  See id.

Finally, the fact that the Guidelines punish illegal reentry more harshly than other "more serious" crimes does not establish that the upward departure is unreasonable. The district court was required to calculate the correct guidelines range, and it was free to express disagreement with the severity of the recommended sentence. See Kimbrough v. United States, __ U.S. __, 128 S. Ct. 558, 574-75 (2007). It was also free to impose a more severe sentence based upon Menchaca's criminal history. See Lopez-Velasquez, 2008 WL 1874577, at *2. Menchaca has not established error, much less plain error, on the part of the district court in imposing the 48-month departure.

Next, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Menchaca challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.