IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-11266
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FATIMA PERKINS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-66-2

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Fatima Perkins pleaded guilty to one count of false impersonation of an officer or employee of the United States of America and was sentenced to 15 months of imprisonment and one year of supervised release. Perkins argues that her sentence, which was within the recommended guidelines range, was procedurally unreasonable because the district court did not provide sufficient reasons for imposing her within-guidelines sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perkins did not challenge the adequacy of the district court's reasons for the sentence imposed in the district court. Accordingly, her argument is reviewed for plain error. See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir.), petition for cert. filed (July 25, 2008) (No. 08-5514); United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005). Perkins thus must demonstrate (1) error, (2) that is clear or obvious, and (3) that affects substantial rights. Garza-Lopez, 410 F.3d at 272. If these conditions are met, this court may exercise its discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

In reviewing a district court's sentencing decision, this court must first determine whether the district court committed any significant procedural error. Gall v. United States, 128 S. Ct. 586, 597-98 (2007). The district court commits a procedural error if it miscalculates or fails to calculate the proper guidelines range, treats the Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain its chosen sentence or any deviation from the guidelines range. Id. at 597. Although the Supreme Court in Rita stated that a sentencing judge "will normally" explain why he has rejected the defendant's arguments, the Court did not mandate that a sentencing court state reasons for rejecting a defendant's specific arguments for a lower sentence. Rita v. United States, 127 S. Ct. 2456, 2468 (2007). A sentencing judge is required only to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Id.

Perkins has not shown that the district court plainly erred by failing to sufficiently state its reasons for sentencing. The district court's adoption of the presentence report and its consideration of Perkins's arguments for a downward departure and the § 3553(a) factors in determining her within-guidelines sentence constituted sufficient reasons for imposing her sentence. See Rita, 127

S. Ct. at 2468-69; United States v. Gomez-Herrera, 523 F.3d 554, 565 (5th Cir.), petition for cert. filed (July 2, 2008) (No. 08-5226).

    AFFIRMED.