IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-40310
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LAMBERTO ROMAN-SALGADO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1222-1

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lamberto Roman-Salgado appeals the judgment imposed following resentencing for his conviction of possession with intent to distribute cocaine, in violation of U.S.C. § 841(a)(1) and (b)(1)(A). Roman-Salgado argues that the district court clearly erred in denying his request for a safety valve adjustment pursuant to 18 U.S.C. § 3553(f). He argues that his refusal to answer questions about one of his cell phones should not have precluded the adjustment because the cell phone in question was given to him by his girlfriend, Miranda; the phone

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not given to him in connection with his drug trafficking; the phone was not activated; and the phone was not used in connection with his drug trafficking. Roman-Salgado argues that, if this court does not find clear error with respect to the district court's denial of a safety valve adjustment, this court should remand the case to the district court because the district court failed to make adequate findings regarding its denial of the adjustment.

We review the district court's denial of a safety valve adjustment for clear error. United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir. 2005); United States v. Miller, 179 F.3d 961, 963-64 (5th Cir. 1999). As Roman-Salgado did not argue at resentencing that the district court failed to make adequate factual findings in connection with its denial of the safety valve, our review of that issue is for plain error. See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008).

The district court made an independent determination, based upon the testimony of Agent Hardwich, that Roman-Salgado had not provided truthful information that qualified him for the safety valve adjustment. The district court found that Roman-Salgado's testimony that Miranda was simply his girlfriend was not credible and that Agent Hardwich's testimony that Miranda was a coconspirator was credible. The district court noted that Agent Hardwich's version of what Roman-Salgado said during his initial interview was corroborated by the agent's report of that interview, which was prepared shortly after arrest. Roman-Salgado has not shown error, plain or otherwise, with respect to the district court's denial of a safety valve adjustment. See § 3553(f)(5); U.S.S.G. § 5C1.2; United States v. McCrimmon, 443 F.3d 454, 457-58 (5th Cir. 2006); United States v. Powers, 168 F.3d 741, 753 (5th Cir. 1999). The district court's judgment is AFFIRMED.