IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-40273
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSWALDO CALDERON-TERRAZAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-635-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Oswaldo Calderon-Terrazas pleaded guilty to unlawful reentry into the United States, in violation of 8 U.S.C. § 1326. He was sentenced to a within-Guidelines sentence of 51 months of imprisonment and three years of supervised release. Calderon-Terrazas maintains that his sentence is procedurally unreasonable because the district court did not provide adequate reasons to support the sentence it imposed. Calderon-Terrazas has moved to seal appellee's brief, and the Government does not oppose the motion. The motion is granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Calderon-Terrazas did not object that his sentence was procedurally unreasonable in the district court, review is for plain error. United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008), petition for cert. filed (July 25, 2008); United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation". Rita v. United States, 127 S. Ct. 2456, 2468 (2007). In Rita, the Court acknowledged the district court judge might have said more than that the range was not "inappropriate" and that a sentence at the bottom of the range was "appropriate", but held that the law did not require the district court to do so. Id. at 2469. In United States v. Rodriguez, 523 F.3d 519 (5th Cir.), petition for cert. filed (June 30, 2008) (No. 08-5101), we found sufficient, where the record showed consideration of the Guidelines and the parties' arguments, a district court's statement that a sentence at the top of the guidelines range "address[ed] the objectives of punishment and deterrence." Id. at 525.

In the instant matter, Calderon-Terrazas sought a sentence at the low end of the guidelines range. He stated at the sentencing hearing that he had come to the United States as an infant, graduated from high school in the United States, and served in the United States Army. The district court rejected Calderon-Terrazas's request for leniency, adopted the PSR's findings and recommendation, and imposed a sentence at the top of the guidelines range. At the sentencing hearing, the district court referenced Calderon-Terrazas's criminal history and his character and evidenced a concern about the appropriate sentence given those factors and the need to protect the public.

Calderon-Terrazas has not shown the explanation given by the district court was clear or obvious error that affected his substantial rights. See Peltier, 505 F.3d at 392. He has, therefore, not demonstrated plain error. See id. at 394.

AFFIRMED; MOTION TO SEAL APPELLEE'S BRIEF GRANTED.