IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-50226 c/w
No. 08-50229
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LOUIS MICHAEL DAVILA

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:02-CR-639-ALL
USDC No. 5:01-CR-035-ALL

Before KING, DENNIS, & OWEN, Circuit Judges.

PER CURIAM:[*]

Louis Michael Davila appeals the 24-month sentences imposed upon the revocation of his three terms of supervised release, resulting in an aggregate term of 72 months in prison. This court has declined to resolve which standard of review applies to revocation sentences following United States v. Booker, 543 U.S. 220 (2005), and we decline to do so now as Davila's sentences pass muster

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the more exacting Booker unreasonableness standard.  See United States v. McKinney, 520 F.3d 425, 428 (5th Cir. 2008).

For the first time on appeal, Davila argues that the district court procedurally erred by basing the revocation sentences on clearly erroneous facts. See Gall v. United States, 128 S. Ct. 586, 597 (2007).  Because he did not raise this issue in the district court, review is for plain error only.  See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir.), cert. denied, 2008 WL 2914331 (Dec 1, 2008) (No. 08-5514); United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008).  For the purpose of preserving the issue for further review, Davila argues that plain error review does not apply to claims of procedural unreasonableness but concedes that this argument is foreclosed by circuit precedent.

Davila argues that the district court erred by basing the 24-month revocation sentences on the clearly erroneous facts that Davila was free to report to his probation officer for 23 months but failed to do so and that Davila received an extremely lenient five month sentence on his forged security offense to be served concurrently with the sentences imposed on his two counts of using false identification to commit a felony theft offense.  Davila has not shown an error that is clear or obvious and that affects his substantial rights.  See United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008).

AFFIRMED.