# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-10151

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RAUL LOPEZ-VELASQUEZ, also known as Raul Camacho-Salazar

Defendant - Appellant

Consolidated with
No. 07-10321

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RAUL CAMACHO-SALAZAR, also known as Raul Lopez-Velasquez

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:06-CR-38-ALL
USDC No. 6:06-CR-45-ALL

Before JONES, Chief Judge, and BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:

Raul Lopez-Velasquez ("Lopez"), also known as Raul Camacho-Salazar, pled guilty to illegal re-entry after deportation and was sentenced to seventy-two months in prison and three years of supervised release. This conviction triggered the revocation of his supervised release on an earlier conviction for illegal re-entry. In the separate revocation proceedings, Lopez was sentenced to serve twenty months in prison, consecutive to his seventy-two-month sentence for his most recent re-entry. Lopez filed an appeal in each case, now consolidated before this court. We affirm.

BACKGROUND

Lopez is a citizen of Mexico. He was deported from the United States to Mexico in 2004. In May 2006, Lopez was found by an immigration official in Big Spring, Texas. He was indicted for illegal re-entry, and pled guilty. His offense and criminal history resulted in an advisory Sentencing Guidelines range of twenty-four to thirty months' imprisonment. At the sentencing hearing, the district court varied upward from the Guidelines range and sentenced Lopez to seventy-two months in prison. The district court stated this was reasonable in light of, inter alia, Lopez's two prior drug convictions, his eleven separate arrests by immigration officials, and his seven deportations prior to the case at hand. The court concluded that Lopez "obviously has no respect for the law of the United States, nor of the borders of the United States." Lopez objected on various grounds, and properly filed appeal number 07-10151 with this court.

Appeal number 07-10321 concerns a revocation of supervised release stemming from an earlier re-entry conviction. In December 2002 Lopez pleaded guilty to illegal re-entry in the U.S. District Court for the District of Arizona. He

was sentenced to twenty-seven months in prison and three years supervised release. After his release from prison, he was deported to Mexico. When Lopez was picked up in Big Spring, Texas in 2006, he was still serving his term of supervised release on the District of Arizona conviction. The District of Arizona transferred his case to the Northern District of Texas, where his supervised release was revoked due to his illegal re-entry. The advisory Guidelines range for the revocation was eighteen to twenty-four months, and the district court imposed a sentence of twenty months. Lopez appealed.

## DISCUSSION

Lopez appeals his seventy-two-month sentence for illegal re-entry for a number of reasons, most of which are foreclosed by circuit precedent. He offers no separate argument concerning his twenty-month sentence on revocation.

### I

Lopez asserts that his seventy-two-month sentence is substantively unreasonable. We review sentences inside and outside the advisory Guidelines range for reasonableness under the abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). Lopez also asserts, for the first time on appeal, that his sentence was procedurally defective because the district court failed adequately to explain its reasons for the upward variance. When a defendant fails to raise a procedural objection below, appellate review is for plain error only. United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007). This rule "serves a critical function by encouraging informed decisionmaking and giving the district court an opportunity to correct errors before they are taken up on appeal." Id. at 392.

Here, the district court carefully explained its reasons for imposing a seventy-two-month sentence:

> As to the term of incarceration, I have imposed a term of 72 months. This is an upward variance from the advisory guideline range. I believe this is a reasonable sentence based on the defendant's criminal history showing two drug convictions; furthermore indicating that the defendant has been arrested by ICE agents on eleven separate occasions; further indicating that the defendant has been deported on seven prior occasions to this particular case.
>
> I believe that this sentence is a reasonable sentence looking at those factors listed in Title 18, United States Code, Section 3553(a), particularly looking at the factor considering the need to promote respect for the law. This defendant obviously has no respect for the law of the United States, nor of the borders of the United States. There's a need to provide a reasonable punishment for this offense, looking at the defendant's criminal history; the need to afford adequate deterrence to further criminal conduct of the defendant; the need to protect the public from this defendant; and looking at the nature and circumstances of this offense and the history and characteristics of this defendant.
>
> Based upon those factors, I believe that a sentence of 72 months is a reasonable sentence in this case.

Lopez claims this sentence was substantively unreasonable for a number of reasons. First, he contends it is "not extraordinary" for a defendant convicted of illegal re-entry to have a history of previous entries. Gall, however, squarely rejected the proposition that extraordinary circumstances are necessary to justify a sentence outside the Guidelines range. 128 S. Ct. at 595. Moreover, Lopez's extensive history of re-entry following deportation adequately supports the district court's conclusion that he has "no respect" for the laws or borders of the United States. Lopez's argument on this point is without merit.

Lopez also contends that his two prior drug convictions were fully accounted for in calculating the Guidelines range and may not be further considered as grounds for a variance under § 3553(a). This is incorrect. As this court has explained, the Supreme Court's decision in Booker "implicitly rejected the position that no additional weight could be given to factors included in calculating the applicable advisory Guidelines range, since to do otherwise would essentially render the Guidelines mandatory." United States v. Williams, 517 F.3d 801, 809 (5th Cir. 2008) (citing United States v. Booker, 543 U.S. 220 (2005)). Rather, "the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors," and may adjust the sentence accordingly under § 3553(a). Id. Lopez has shown no error here.

Lopez's other arguments include his claim that his upbringing in the United States and his cultural assimilation are mitigating factors that make any upward variance unreasonable. While cultural assimilation may be considered as a mitigating factor, United States v. Rodriguez-Montelongo, 263 F.3d 429, 433 (5th Cir. 2001), there is no requirement that a sentencing court must accord it dispositive weight. Here the district court stated that it had considered Lopez's history and characteristics in imposing its sentence. Lopez has shown no abuse of discretion.

Nor was it an abuse of discretion for the district court to consider Lopez's eleven prior arrests by immigration officials under § 3553(a). It is well-established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge. United States v. Jones, 444 F.3d 430, 434 (5th Cir. 2006). It is true that prior arrests, standing alone, are insufficiently

reliable to justify an upward departure pursuant to the Guidelines. Id. (citing U.S.S.G. § 4A1.3(a)(3)). This court has not, however, held that prior arrests may not be factored into a non-Guidelines sentence pursuant to § 3553(a). Moreover, Lopez's eleven prior arrests by immigration officials do not "stand alone" — here they are corroborated by more than half a dozen deportations. These arrests are sufficiently "supported by evidence" to constitute reliable grounds for a variance in this case. See id. We find no error here.

On the whole Lopez has not shown his seventy-two-month sentence is substantively unreasonable. Nor can Lopez show any procedural defect under the plain error test. The district court did not, as Lopez claims, merely pay "lip service" to the § 3553(a) factors. Rather, the district court thoroughly and adequately articulated several § 3553(a) factors that justified the variance. See Rita v. United States, 127 S. Ct. 2456, 2468 (2007); see also United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006) ("[A] checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable."). Lopez has shown no procedural error here, much less a plain one. See Peltier, 505 F.3d at 392 (listing elements of the plain error test). The district court's seventy-two-month sentence was not an abuse of discretion.

Lopez's other challenges to his seventy-two-month sentence are foreclosed by binding circuit precedent. Lopez argues it was reversible error for the court to sua sponte impose an upward variance without providing advance notice. This argument is precluded by our holding in United States v. Mejia-Huerta: "sentencing courts are not required to give pre-sentencing notice of their sua

sponte intention to impose a non-Guidelines sentence."[1]  Moreover, the court below admonished Lopez prior to accepting his guilty plea that "If the facts so warrant, the Court could impose up to the statutory maximum sentence in this case."  Lopez responded that he understood.  His argument on this point is without merit.

Lopez also claims that the lack of a fast-track early disposition program in the Northern District of Texas has deprived him of a sentencing reduction in violation of his equal protection rights, and has resulted in an unwarranted sentencing disparity under § 3553(a)(6).[2]  As this court has recently explained, any disparity in sentencing between fast-track and non-fast-track jurisdictions is a function of Congressional policy and thus is not "unwarranted" under § 3553(a)(6).  United States v. Gomez-Herrera, --- F. 3d ---, 2008 WL 886091, *4-*6 (5th Cir. 2008).  Lopez's equal protection argument fails as well, because the fast-track program does not implicate either a suspect class or a fundamental right.  United States v. Rodriguez, --- F.3d ---, 2008 WL 853576, *6 (5th Cir. 2008).  The current structure of the fast-track program is rationally related to, among others, the goals of promoting judicial efficiency, preserving prosecutorial

---

[1] 480 F.3d 713, 723 (5th Cir. 2007).  We note that the Supreme Court has granted certiorari on a similar question in United States v. Irizarry, 458 F.3d 1208 (11th Cir. 2006), cert. granted 76 U.S.L.W. 3329 (U.S. Jan. 4, 2008) (No. 06-7517).  Absent an intervening Supreme Court case overruling prior precedent, we remain bound to follow our precedent even when the Supreme Court grants certiorari on an issue.  United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999); Ellis v. Collins, 956 F.2d 76, 79 (5th Cir. 1992).

[2] Lopez also claims, in a point heading, that his due process rights were violated, but he fails completely to develop this argument in the body of his brief.  Arguments inadequately briefed on appeal are waived.  United States v. Freeman, 434 F.3d 369, 374 (5th Cir. 2005).

discretion, and limiting downward departures overall. Id.; Gomez-Herrera, 2008 WL 886091 at *5 - *6. Lopez has shown no grounds for reversal here.[3]

II

Concerning his twenty-month sentence on revocation of his supervised release, Lopez makes no independent argument. He simply asserts that this sentence "magnifies" the unreasonableness of his seventy-two-month sentence. Lopez has directed this court to no authority suggesting that his revocation sentence, based on an entirely separate conviction in the District of Arizona, has any bearing on the reasonableness of the sentence imposed for his most recent conviction. As above, the seventy-two-month sentence was reasonable. The revocation sentence of twenty months falls squarely within the bounds of the eighteen to twenty-four month Guideline range, and is presumptively reasonable. Gall, 128 S. Ct. at 597. Lopez has not rebutted this presumption, nor has he shown any abuse of discretion.

## CONCLUSION

For the aforementioned reasons, the sentences imposed are AFFIRMED.

---

[3] Finally, Lopez contends that in light of Apprendi v. New Jersey, 530 U.S. 466 (2000) the enhancement provisions in 8 U.S.C. § 1326(b) are unconstitutional. He acknowledges this argument is foreclosed by Almendarez-Torrez v. United States, 523 U.S. 224 (1998), but raises the issue only to preserve it for Supreme Court Review. See United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied 128 S. Ct. 872 (2008).