IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-41042
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WALFRED GEOVANI AGUILAR-MATIAS, also known as Walfred Yovani
Aguilar

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-557-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Walfred Geovani Aguilar-Matias appeals his 46-month sentence imposed after he pleaded guilty to illegally reentering the United States after deportation. The sentence was within a properly calculated advisory guidelines range that was increased by a prior conviction for a crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aguilar-Matias contends that his sentence is procedurally unreasonable because the district court did not give a sufficient explanation for the sentence. Because Aguilar-Matias did not object to the explanation at sentencing, we review this contention for plain error. See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir.), petition for cert. filed (July 25, 2008) (No. 08-5514).

The district court's adoption of the presentence report and its consideration of Aguilar-Matias's arguments for a downward departure and the § 3553(a) factors in determining his within-guidelines sentence constituted sufficient reasons for imposing his sentence. See Rita v. United States, 127 S. Ct. 2456, 2468-69 (2007); United States v. Gomez-Herrera, 523 F.3d 554, 565 (5th Cir.), petition for cert. filed (July 2, 2008) (No. 08-5226). There was no clear or obvious error that affected Aguilar-Matias's substantial rights or rendered the sentence procedurally unreasonable. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008)

Aguilar-Matias also contends that Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), which issued after his sentencing, abrogated the rationale of previous Fifth Circuit decisions by broadening the district court's discretion to impose a nonguidelines sentence. Aguilar-Matias argues, therefore, that the sentencing court labored under a misconception that it could not sentence him below the Guidelines in the absence of "extraordinary circumstances" or based on the court's disagreement with guidelines policy or based on disfavored guidelines factors such as his purported family obligations and the harshness of his past life

Because this issue was not raised in the district court, we review for plain error. See Campos-Maldonado, 531 F.3d at 339. Nothing in the record suggests that the district court was constrained by this court's precedent from considering all of Aguilar-Matias's arguments for a nonguidelines sentence. Accordingly, there was no plain error. See id.

Aguilar-Matias also contends that his sentence is substantively unreasonable because there is no empirical support for U.S.S.G. § 2L1.2, the Guideline mandating the 16-level increase for a crime of violence. Because Aguilar-Matias did not challenge the empirical grounds for § 2L1.2 in the district court, his contention is reviewed for plain error. See Campos-Maldonado, 531 F.3d at 339. Nothing in the record suggests that the district court believed that it was precluded by circuit precedent from imposing a lesser sentence in the face of § 2L1.2. Aguilar-Matias shows no plain error. The district court's judgment is AFFIRMED.