# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-40184
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FERMIN E JIMENEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-153-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fermin E. Jimenez, who was convicted of possessing with intent to distribute more than 500 grams of cocaine, appeals the 12-month sentence imposed upon revocation of his supervised release. Jimenez argues that the district court failed to articulate adequate reasons for imposing a sentence that exceeded the advisory guidelines range of three to nine months. He further argues that the district court abused its discretion relative to the degree of the upward departure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Jimenez raised no objection in the district court, we review for plain error. See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008). To establish plain error, Jimenez must show an error that is clear or obvious and that affects his substantial rights. See United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

The district court addressed Jimenez at length during the revocation hearing and discussed such 18 U.S.C. § 3553(a) factors as his numerous violations of his conditions of release, his need to respect the law, the need for deterrence, and Jimenez's need for drug treatment and mental health treatment. The court further noted to Jimenez that while his revocation sentence exceeded the policy statement recommendation, it was not as long as it could have been. Thus, Jimenez has failed to show that the district court plainly erred with respect to its statement of oral reasons for the upward departure. See United States v. McKinney, 520 F.3d 425, 427-28 (5th Cir. 2008).

However, the district court's written judgment does not indicate its specific reasons for the upward departure. A written statement of reasons is a requirement of procedural due process in ordinary probation revocation hearings. United States v. Kindred, 918 F.2d 485, 488 (5th Cir. 1990). While the district court's failure to provide written reasons could constitute an error that is plain or obvious, Jimenez does not attempt to show that the error affected his substantial rights. He therefore has not shown that the district court plainly erred by failing to provide written reasons for the upward departure. See Baker, 538 F.3d at 332.

As for the degree of the upward departure, Jimenez was sentenced to a prison term (12 months) that was within the statutory maximum for his revocation sentence and that was 90 days above the guidelines range of three to nine months. The record shows that the district court considered § 3553(a)

factors that supported the degree of the upward departure.  Jimenez has not shown a clear or obvious error.

The judgment of the district court is AFFIRMED.