IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-30100 &
No. 08-30102

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RUBEN WILSON

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC Nos. 97-CR-50081 and 06-CR-50112

Before HIGGINBOTHAM, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Ruben Wilson ("Wilson") appeals from two judgments, one judgment relating to the denial of a motion to suppress and the other revoking his supervised release. The appeals from the two judgments were consolidated in this court. For the reasons discussed herein, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.    Background

    A.    Motion to Suppress

In June 2006, Wilson and four other individuals were indicted relating to possession of methamphetamine.  In October 2006, Wilson filed a motion to suppress a recorded statement he made to Task Force agents on February 14, 2006.  Wilson contended that the statement was taken in violation of his Fifth and Sixth Amendment rights, because it was coerced and unduly influenced by threats and inducements.  Wilson also argued that there was no probable cause to arrest or detain him and no exigent circumstances for his warrantless arrest and detention.  Wilson subsequently filed an addendum to his motion asserting that his recorded statement was also taken pursuant to an illegal detention in violation of his Fourth Amendment rights.  After a hearing, Wilson filed another supplemental memorandum in support of his motion to suppress.

On March 8, 2007, the magistrate judge issued a Report and Recommendation ("R & R") recommending that the district court deny Wilson's motion to suppress.  Wilson filed objections to the R & R, arguing inter alia that the magistrate judge ignored force, coercion, and subtle psychological pressures.  The district court conducted a de novo review of the portions of the R & R to which objections were filed.  The district court noted that during the hour and a half interview,

> there was an extensive and intensive line of questioning, with ready and willing responses from Wilson.  In total, he mentioned sixteen names of customers, suppliers, and contacts.  He identified the automobiles regularly driven by some of those individuals.  When asked, he divulged the cell phone numbers of those contacts that he could immediately recall.  He freely answered questions regarding quantities, types, and costs of drugs during several specific drug transactions. . . .
>
> While carefully listening to the tape recording, [the court] did not detect a single instance of what could be described as "subtle psychological persuasion."

By order dated June 26, 2007, the district court adopted the R & R.

On October 1, 2007, the Government filed a notice that Wilson's sentence would be enhanced because of his prior felony drug conviction, pursuant to 21 U.S.C. § 851. On October 3, 2007, Wilson conditionally pled guilty to Count One of the indictment, reserving his right to appeal the denial of his motion to suppress. The district court sentenced Wilson to 120 months of imprisonment as to Count One.

After sentencing, Wilson timely filed a notice of appeal. Wilson contends that the evidence at the suppression hearing established that (1) he was unlawfully seized before and while giving his statement and (2) the statement was the product of coercion and not given freely. Because Wilson's guilty plea was contingent on his right to appeal the denial of the motion to suppress, Wilson requests that this court vacate his conviction and sentence and remand this matter to the district court for further proceedings.

B.      Revocation of Supervised Release

Subsequent to the June 2006 indictment related to methamphetamine, Wilson was arrested and detained on July 11, 2006. The Government requested revocation of Wilson's supervised release for violation of the condition requiring that Wilson "not commit another Federal, State, or local crime." Wilson admitted guilt to violation of conditions of the term of supervision. The court sentenced Wilson to 27 months of imprisonment, to run concurrently with Wilson's sentence in the drug conviction case. Wilson timely appealed, contending that the district court violated his procedural due process rights when revoking his supervised release and imposing a sentence based on the revocation.

The Government filed an unopposed motion to consolidate the two appeals, which was granted.

II.    Discussion

    A.    Motion to Suppress

        1.    Standard of Review

When reviewing the denial of a motion to suppress evidence, this court reviews the district court's factual findings for clear error and the district court's conclusions regarding the sufficiency of the warrant and the constitutionality of law enforcement action de novo. United States v. Perez 484 F.3d 735, 739 (5th Cir. 2007) (citing United States v. Cherna, 184 F.3d 403, 406 (5th Cir.1999)). Whether a seizure has occurred is a factual determination reviewed for clear error.  United States v. Mask, 330 F.3d 330, 335 (5th Cir. 2003).  "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." United States v. Zavala, 541 F.3d 562, 574 (5th Cir. 2008) (quoting United States v. Jacquinot, 258 F.3d 423, 427 (5th Cir.2001)).  We view the evidence in the light most favorable to the party that prevailed in the district court, which is the Government in this case.  United States v. Chavez, 281 F.3d 479, 483 (5th Cir. 2002).

        2.    Analysis

On February 14, 2006, Shreveport Task Force agents (collectively "officers") and Wilson's federal probation officer, Kenneth Mays, went to Wilson's residence.  Mays met Wilson at Wilson's home, and they walked into Wilson's driveway.  In the driveway, two officers confronted Wilson and told him that he was the subject of an investigation involving a conspiracy.  Wilson had known one officer, Hank Haynes, since the early 1990's based on prior contact with law enforcement.  Wilson previously had contacted Haynes in April 2005 to arrange a meeting in Texas.

In the driveway, Haynes told Wilson that this was "serious," and if he wanted to cooperate, "now is the time."  Wilson agreed to cooperate and asked

to get his shoes and cell phone inside the home. The officers permitted Wilson to retrieve the items from his home under their supervision.

The officers then transported Wilson to a public park in one of the officer's SUVs. The officers permitted Wilson to keep his cell phone, did not brandish any weapons during their encounter with Wilson, did not frisk or search Wilson's person either in front of the residence or at any time during the interview, and did not handcuff Wilson. The officers showed Wilson an unsigned affidavit and arrest warrant to inform him how much they already knew of Wilson's drug trafficking activities. The officers wanted Wilson's assistance in prosecuting other members of the conspiracy, as Wilson had previously done. The officers then advised Wilson of his Miranda rights, and Wilson executed a Miranda waiver before conducting a taped interview. The officers testified that had Wilson refused to go with them to be interviewed, they would have left.

Wilson contends that he was unlawfully seized before and while giving his recorded statement. Viewing the evidence in the light most favorable to the Government, we find no reversible error in the district court's denial of the motion to suppress the recorded statement. Wilson was not seized in violation of the Fourth Amendment, and Wilson voluntarily gave the recorded statement. A reasonable person in Wilson's situation would have believed that he was free to leave. See Brendlin v. California, 127 S. Ct. 2400, 2405-06 (2007); United States v. Lara, 638 F.2d 892, 896 (5th Cir. 1981).

We affirm the district court's denial of Wilson's motion to suppress.

B.     Revocation of Supervised Release

     1.     Standard of Review

In the district court, Wilson did not raise the issue that the court violated his procedural due process rights when revoking his supervised release. We, therefore, review the revocation of supervised release under the plain error

standard.[1]  United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008). Under this standard, Wilson is entitled to relief only if "(1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights."  United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001) (en banc).  "If these factors are established, the decision to correct the forfeited error still lies within our sound discretion, which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.

2.    Analysis

The Supreme Court has established the minimum requirements of due process in parole revocation proceedings:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey v. Brewer, 408 U.S. 471, 489 (1972).

Wilson acknowledges that it can be inferred from the hearing that Wilson did receive notice of the alleged violation, received some disclosure of the evidence against him, had an opportunity to appear, and had notice of his right to be represented by counsel.  Wilson pled guilty to the drug conspiracy, thereby admitting to an offense which was in violation of his supervised release.  In light of the foregoing, the district court did not plainly err in revoking Wilson's supervised release.

---

[1]  Wilson concedes in his reply brief that this court should review this issue under the plain error standard.

III.    Conclusion

For the foregoing reasons, we AFFIRM the district court's judgments denying Wilson's motion to suppress and revoking Wilson's supervised release.