# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-50173
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE FABRICIO CEBALLOS-SILVA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-112-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Fabricio Ceballos-Silva (Ceballos) appeals the 57-month sentence imposed following his guilty plea conviction for illegal reentry following deportation after a felony conviction. Ceballos argues that the district court erred in treating his two prior convictions as separate offenses when calculating his criminal history score under U.S.S.G. § 4A1.2(a)(2). Because Ceballos did not object in the district court, review of this asserted procedural error is for plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error. See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008), cert. denied, 2008 WL 2914331 (U.S. Dec. 1, 2008).

Ceballos contends that the district court's factual finding that he was arrested on two separate dates for his two prior convictions is clearly erroneous. Because this factual finding was "capable of resolution by the district court upon proper objection at sentencing," it does not constitute plain error. United States v. Fierro, 38 F.3d 761, 773 n.4, 774 (5th Cir. 1994). Accordingly, we uphold the district court's calculation of the applicable guidelines sentencing range.

Also for the first time on appeal, Ceballos argues that the district court made a clearly erroneous finding that his two prior convictions were for crimes of violence. The district court adopted the factual and legal conclusions contained in the presentence report. Included in the adopted conclusions was a conclusion that Ceballos's had one conviction for a felony drug-trafficking offense and one conviction for a crime of violence. A review of the entire sentencing transcript does not indicate that the district court, in selecting a sentence from the applicable advisory range, gave Ceballos's prior convictions, regardless of their characterizations, any undue weight. Ceballos has not shown any error, plain or otherwise, in this regard.

Ceballos has failed to demonstrate, on plain error review, that his sentence is procedurally unsound. See Gall v. United States, Gall v. United States, 128 S. Ct. 586, 597 (2007). Nor has he demonstrated that his sentence is substantively unreasonable. See id. Accordingly, the judgment of the district court is AFFIRMED.