**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-50667
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTONIO LOPEZ-CASTAS, also known as Antonio Lopez Padilla

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-89-ALL

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Antonio Lopez-Castas, also known as Antonio Lopez Padilla, appeals his above-guidelines sentence of 60 months of imprisonment for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Lopez-Castas's sole contention on appeal is that his sentence was unreasonable, largely because the district court failed to consider his alcoholism as a mitigating factor and because his criminal history was not understated by the Sentencing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines since it was considered in calculating his base offense level as well as his criminal history score.[1]

The district court considered Lopez-Castas's history and characteristics, specifically noting his lengthy record of convictions (18 criminal history points, and three unscored convictions from the mid-1990s); numerous aliases, false birth dates, and social security numbers; and multiple prior removals. The district court found that the sentence was warranted "to protect the public from further crimes." Although the district court imposed a sentence that was higher than the guidelines range after finding that the Guidelines did not adequately express Lopez-Castas's criminal history, "the district court thoroughly and adequately articulated several § 3553(a) factors that justified the variance." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). Lopez-Castas has not shown that the sentence was substantively unreasonable and an abuse of the district court's discretion. *See id.* at 805-08; *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

AFFIRMED.

---

[1]The district court accepted the PSR's unchallenged guideline range calculation of 33 to 41 months' confinement, noting also the PSR's observation that appellant's criminal history category might be considered to authorize an upward departure as not adequately reflecting the seriousness of appellant's past criminal conduct or the likelihood he would commit future crimes. The court, however, did not expressly impose a guideline § 4A1.3 "departure" *as such*, but rather expressly sentenced under the 18 U.S.C. § 3553(a) factors. The court also expressly noted that appellant was "a real menace to the American people and citizens when you're here by the use of drugs, alcohol and criminal conduct."