# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-60678
c/w No. 08-60681
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GLENN JOSEPH COOK

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:96-CR-30-3

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Glenn Joseph Cook appeals the sentence imposed following the revocation of his supervised release in two cases. Cook argues that the total sentence of 61 months followed by 23 months of supervised release is unreasonable given the Grade C violation of his supervised release and an advisory guideline range of three to nine months of imprisonment. Cook also argues, for the first time on appeal, that the sentence is procedurally unreasonable because the district court

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

failed to adequately explain its reasons for the sentence and failed to provide written reasons. Therefore, appellate review of that issue is for plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights; if the appellant makes such a showing, the court has discretion to correct the error and will generally not do so unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).

Cook has not shown that the sentence imposed by the district court upon revocation of his supervised release was unreasonable. Although the sentence exceeded the advisory guidelines range, it did not exceed the statutory maximum sentence that could be imposed upon revocation of supervised release. The district court considered the advisory guideline range, the 18 U.S.C. § 3553(a) factors, the arguments of counsel, the nature of the offense, and Cook's history. This court will not reweigh the § 3553(a) factors. *See United States v. Gall*, 128 S. Ct. 586, 597 (2007). The district court provided adequate reasons for the sentence, including that Cook did not comply with the orders given to him by the BOP upon release and that Cook indicated he would not comply with his supervised release terms. In addition, the district court concluded that Cook is a danger to the community, because of his criminal history and events in prison, and because he threatened family members and became involved in altercations with them after his release. The district court further stated the purpose of the incarceration is to ensure the public's safety, to provide an example and rehabilitation, and to provide punishment. Cook has not demonstrated plain error in the district court's procedure, *see Baker*, 538 F.3d at 332, and the sentence imposed by the district court was neither unreasonable nor plainly

unreasonable. *See United States v. Hinson*, 429 F.3d 114, 120 (5th Cir. 2005).

AFFIRMED.