# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2010

No. 09-30533
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY L. YOUNG, also known as Gregg Young,,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CR-309-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gregory L. Young appeals his sentence following his conviction for possession of cocaine with intent to distribute. Young was sentenced to 240 months of imprisonment and eight years of supervised release. The sentence represented both an upward departure under the Sentencing Guidelines and an upward variance from the advisory guidelines imprisonment range, which originally was 120 to 121 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Young contends that the Government committed prosecutorial misconduct because its sentencing memorandum contained inaccurate information and misrepresented the facts concerning Young's prior involvement in criminal activity. "Improper prosecutorial comments constitute reversible error only where the defendant's right to a fair trial is substantially affected." *United States v. Stephens*, 571 F.3d 401, 407-08 (5th Cir. 2009). In analyzing a claim of prosecutorial misconduct, this court first determines whether the prosecutor made an improper remark and, if so, then assesses whether the prosecutor's impropriety prejudiced the defendant. *Id.* at 408. The Government does not commit prosecutorial misconduct where it merely makes a vigorous plea for law enforcement or states its contentions regarding the conclusions that should be drawn from the evidence. *See United States v. Thompson*, 482 F.3d 781, 786 (5th Cir. 2007); *United States v. Caballero*, 712 F.2d 126, 131-32 (5th Cir. 1983).

Young's labeling of the Government's sentencing memorandum as prosecutorial misconduct is unavailing because he cannot show that he was prejudiced by the memorandum. *See Stephens*, 571 F.3d at 408; *United States v. Fogg*, 652 F.2d 551, 559 (5th Cir. 1981). First, the memorandum was submitted to and reviewed by the district court judge rather than a jury. *See Fogg*, 652 F.2d at 559. The judge reviewed the documentary evidence submitted as exhibits to the memorandum and therefore was able to independently determine the weight that should be afforded to the Government's assertions in its memorandum. Additionally, the district court was advised at sentencing of Young's interpretations of the evidence, as Young disputed the accuracy of the sentencing memorandum through a chronological, page-by-page discussion of the memorandum. The judge acknowledged that he was not permitted to consider incidents that did not result in a conviction in deciding to depart upward and made no mention of such incidents in his reasons for the upward departure. Furthermore, even though "prior criminal conduct not resulting in a conviction may be considered by the sentencing judge" when imposing an upward variance

2

pursuant to 18 U.S.C. § 3553(a), *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008), the judge also made no mention of such incidents when it imposed the upward variance. It is doubtful that any impropriety in the Government's sentencing memorandum made any difference in the severity of the sentence imposed. *See Fogg*, 652 F.2d at 559.

Young also contends that the district court erred in imposing the sentence because the district court relied on its personal opinion that Young had received too much leniency from prior courts. According to Young, the district court was required to rely on fact-specific reasons and failed to do so. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Here, the district court provided individualized, case-specific reasons for imposing the 240-month sentence, and Young has not shown that the sentence is unreasonable. *See Gall v. United States*, 552 U.S. 38, 50 (2007).

AFFIRMED.