**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2011

Lyle W. Cayce
Clerk

No. 11-50046
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS PASCUAL-DURAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2380-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Pascual-Duran pleaded guilty to being illegally present in the United States following deportation and to false impersonation in immigration matters. He was sentenced to 46 months of imprisonment and three years of supervised release on each count, to be served concurrently.

Pascual-Duran argues that the district court erred in imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(iv) on the basis that his prior conviction under Colorado Revised Statute § 18-6-403(3)(b.5) constituted a "child

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pornography offense." He maintains that the Colorado statue of conviction is broader than the federal child pornography statutes set forth in § 2L1.2 because the Colorado statue criminalizes the possession of visual depictions that portray minors observing explicit sexual conduct, whereas the federal statutes prohibit only those visual depictions that portray minors actually engaging in sexually explicit conduct. Pascual-Duran properly concedes that his argument is subject to review for plain error because he did not raise the instant argument before the district court.

To establish plain error, Pascual-Duran must identify a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Whether the conviction at issue constituted a "child pornography offense" for purposes of § 2L1.2(b)(1)(A)(iv) is an issue of first impression in this circuit. Thus, if any error occurred, it was not clear or obvious and does not warrant relief on plain error review. *See United States v. Ellis*, 564 F.3d 370, 376-78 (5th Cir. 2009); *Puckett*, 129 S. Ct. at 1429.

Pascual-Duran also argues that his sentence is unreasonable because the district court failed to consider the unwarranted disparity that exists between him and defendants who were sentenced in jurisdictions in which "fast track" programs are available. As Pascual-Duran correctly concedes, this argument is foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 559-64 (5th Cir. 2008); *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 (5th Cir. 2008).

AFFIRMED.