# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2012

Lyle W. Cayce
Clerk

No. 11-50796
Summary  Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO MOLINA-GONZALEZ, also known as Antonio Molina,

Defendant-Appellant

_____

Cons. w/No. 11-50875

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO MOLINA-GONZALEZ

Defendant-Appellant

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-522-1
USDC No. 3:08-CR-3327-1

_____

No. 11-50796
c/w No. 11-50875

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Antonio Molina-Gonzalez (Molina) pleaded guilty to entering the United States illegally following deportation and was sentenced within the advisory guidelines range to a 21-month term of imprisonment and to a three-year period of supervised release. Molina was also found to have been in violation of the conditions of his supervised release related to a prior illegal-reentry conviction. For that, he was sentenced within the advisory guidelines range to a consecutive nine-month term of imprisonment. In imposing the consecutive sentence, the district court considered Molina's prior assaultive conduct and the need to deter him from returning to the United States.

In these consolidated appeals, Molina contends that the district court imposed an unreasonably harsh sentence by ordering that his two sentences be served consecutively. He asserts that the nine-month consecutive sentence was greater than necessary to achieve the statutory goals of sentencing because it failed to reflect his personal circumstances.

We have reviewed these contentions for plain error. *See United States v. Davis*, 602 F.3d 643, 646-47 (5th Cir. 2010). Because the sentences for the new offense and the revocation sentence were within the advisory guidelines ranges, they are presumptively reasonable. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). Molina has failed to rebut the presumption of reasonableness. *See id.*

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.