# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50259
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIX ZUNIGA-BENITEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-6-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Felix Zuniga-Benitez pleaded guilty to being found unlawfully present in the United States after removal. On appeal, he argues that his sentence of 42 months of imprisonment, which was above the applicable guidelines range, is substantively unreasonable. He argues that the district court erred by focusing only on his uncounted prior convictions, particularly a prior conviction

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50259

for sexual assault of a child, despite the fact that most of these convictions occurred more than 20 years ago.

Zuniga-Benitez failed to object in the district court to the reasonableness of his sentence; therefore, review is limited to plain error. *See Puckett v. United States,* 556 U.S. 129, 135 (2009); *United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). Sentences, whether inside or outside the Guidelines, are reviewed for reasonableness in light of the 18 U.S.C. § 3553(a) factors. *Gall v. United States,* 552 U.S. 38, 51 (2007). "A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Peltier,* 505 F.3d at 392 (internal quotation marks and citation omitted).

The record reflects that the district court considered Zuniga-Benitez's arguments but relied on appropriate § 3553(a) factors in determining that an above-guideline sentence was warranted, such as Zuniga-Benitez's criminal history and characteristics, the need to promote respect for the law, the need to deter future criminal conduct, and the need to impose a just sentence. Further, the extent of the variance was not significant compared to other more substantial variances affirmed by the court. *See, e.g., United States v. Lopez-Velasquez,* 526 F.3d 804, 807 (5th Cir. 2008). Therefore, Zuniga-Benitez has not demonstrated that the district court committed clear or obvious error in imposing the 42-month sentence. *See Puckett,* 556 U.S. at 135.

AFFIRMED.