# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31096
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAURA VERONICA ROBLES-MANZANAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-110

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Laura Veronica Robles-Manzanarez (Robles) was convicted of illegal reentry and received an above-guidelines sentence of 20 months of imprisonment followed by a one-year term of supervised release and a within-guidelines fine of $2000. On appeal, Robles challenges the district court's authority to require collection of her fine from her monthly prison wages, the procedural and substantive reasonableness of her fine, and the substantive

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness of her sentence.  We review the sentence for reasonableness by first ensuring that there was no significant procedural error and then determining whether the sentence was substantively reasonable.  *Gall v. United States*, 552 U.S. 38, 51-52 (2007).

Robles's first and second arguments were rejected in *United States v. Pacheco-Alvarado*, 782 F.3d 213, 217-22 (5th Cir. 2015).  Nothing in the record or in Robles's arguments compels a different conclusion here.

As to Robles's third argument, the substantive reasonableness of her 20-month sentence, the district court imposed the sentence after reviewing the mitigation evidence submitted by Robles and listening to the statements made at sentencing by both Robles and her attorney regarding mitigation.  The district court was in the best position to evaluate Robles's history and characteristics, as well as the need for the sentence imposed to further the objectives set forth in § 3553(a), and its decision is entitled to deference.  *See Gall*, 552 U.S. at 51-52.  Robles's arguments show a mere disagreement with the district court's weighing of the § 3553(a) factors, which is insufficient to show the court abused its discretion.  *See United States v. Lopez-Velasquez,* 526 F.3d 804, 807 (5th Cir. 2008).  Given the significant deference that is due a district court's consideration of the § 3553(a) factors and the district court's explanation of its sentencing decision, Robles has not demonstrated that her sentence was substantively unreasonable.  *See Gall*, 552 U.S. at 50-53.

AFFIRMED.