# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50946
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR DEHOYOS,

Defendant-Appellant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Consolidated with No. 14-50947

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR DE HOYOS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-747
USDC No. 2:12-CR-1709

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

No. 14-50946
c/w
No. 14-40947

PER CURIAM:*

Hector DeHoyos appeals his jury conviction for conspiracy to possess with intent to distribute marijuana and the sentence imposed pursuant to the revocation of his supervised release. We affirm.

DeHoyos argues that the evidence was insufficient to establish his actual possession of the marijuana and that, at best, the trial testimony merely raised the possibility of a connection between himself and the marijuana, which was insufficient to support the jury's verdict. To sustain a conviction for conspiracy to possess with intent to distribute, the Government must prove (1) the existence of an agreement to possess marijuana with the intent to distribute, (2) knowledge of the agreement, and (3) voluntary participation in the agreement. *United States v. Brito*, 136 F.3d 397, 409 (5th Cir. 1998). Reviewing his sufficiency-of-the-evidence claim de novo, and viewing the evidence in the light most favorable to the jury's verdict, we hold that the evidence was sufficient to establish DeHoyos's voluntary participation in an actual agreement to possess marijuana with intent to distribute. *See United States v. Compian-Torres*, 712 F.3d 203, 206 (5th Cir. 2013); *United States v. Treft*, 447 F.3d 421, 424 (5th Cir. 2006); *United States v. DeSimone*, 660 F.2d 532, 537-38 (5th Cir. 1981).

With regard to his revocation sentence, DeHoyos argues that the district court procedurally erred when it failed to articulate a rationale for running the 27-month revocation sentence consecutively to the 120-month sentence imposed on the conspiracy charge. DeHoyos, however, did not object to the sentence on this basis in the district court; therefore, review is for plain error

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

only.  *See United States v. Warren*, 720 F.3d 321, 326-27 (5th Cir. 2013).  The record does not support DeHoyos's contention that the district court failed to articulate reasons for the sentence.  To the contrary, the court stated that running the sentences consecutively would provide sufficient deterrence to avoid any future criminal activity and also made reference to DeHoyos's history and characteristics.  *See* 18 U.S.C. § 3553(a)(1), (2)(B).  As such, he has shown no clear or obvious procedural error in this regard.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

DeHoyos also raises a challenge to the substantive reasonableness of the within-guidelines revocation sentence.  His objection in the district court was sufficient to preserve its review under the plainly unreasonable standard.  *See Warren*, 720 F.3d at 326.  Because his 27-month revocation sentence falls within the applicable advisory guidelines range and is consistent with U.S.S.G. § 7B1.3(f) (mandating "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving"), it is entitled to a presumption of reasonableness.  *See, e.g., United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008).  His argument that the within-guidelines sentence was greater than necessary to achieve goals of § 3553(a) is purely conclusional.  Having failed to rebut the presumption of reasonableness, he has not shown his revocation sentence to be plainly unreasonable.  *See Warren*, 720 F.3d at 326.

AFFIRMED.