# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30490
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

SELVIN IRIAS-MURILLO,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-248

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Selvin Irias-Murillo appeals the above-guidelines 20-month term and the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30490

within-guidelines $2,500 fine imposed on his conviction of illegal re-entry. He contends that the sentence is substantively unreasonable.

We generally review the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Pacheco-Alvarado,* 782 F.3d 213, 220 (5th Cir. 2015). Because Irias-Murillo failed to object to the fine at sentencing, our review of it is limited to plain error. *See id.* at 222. For the purpose of preserving the issue for further review, Irias-Murillo asserts that the plain-error standard should not apply to substantive-reasonableness challenges; he concedes that that argument is foreclosed by our precedent.

The record reflects that after considering the factual information in the presentence report, the guidelines range, the statutory penalties, and counsel's arguments in mitigation of the sentence, the district court made an individualized assessment that a within-guidelines term was insufficient to achieve the sentencing goals in 18 U.S.C. § 3553(a). Irias-Murillo's contentions regarding the term of imprisonment are merely a disagreement with the district court's weighing of the § 3553(a) sentencing factors, which is insufficient to show abuse of discretion. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). In essence, Irias-Murillo is requesting that this court reweigh the factors, which is not within the scope of our review. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Irias-Murillo's issues challenging the fine, which we review for plain error, are without merit. *See Pacheco-Alvarado,* 782 F.3d at 219–22. The record reflects that the district court recognized Irias-Murillo's present inability to pay a fine, conditioned payment on his placement in a Bureau of Prisons facility where he could work or his remaining in or reentering the United States after release, and set the amount of the monthly installment payments as proportional to any actual prison wages earned or, if he remained in or

reentered the United States after his release, upon the months remaining in his term of supervised release.

Irias-Murillo has shown no error, plain or otherwise. The judgment of sentence is AFFIRMED.