# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-50271
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HUMBERTO ALONSO ONTIVEROS-PERALES,

Defendant - Appellant

————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1618-1

————————————

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Humberto Alonso Ontiveros-Perales appeals his 18-month bottom-of-the-Guidelines-range sentence, imposed following his guilty plea conviction for being an alien possessing and exporting ammunition in interstate commerce, in violation of 18 U.S.C. § 922(g)(5)(B) and 18 U.S.C. § 924(a)(2). Raising an unpreserved challenge to the substantive reasonableness of his sentence, Ontiveros contends the sentence is greater than necessary to meet the goals of

———————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

sentencing in the light of the mitigating circumstances involved and his exemplary personal and professional history.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Ontiveros sought a below-Guidelines sentence in the district court prior to sentencing. Once the within-Guidelines sentence was imposed, however, and as Ontiveros concedes, he did not object to its substantive reasonableness. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). (Ontiveros maintains no objection was required, including because he requested a sentence below the Guideline range. Because our precedent requires such an objection, he presents this point to preserve it for possible further review.)

Under plain-error review, Ontiveros must show a forfeited plain (clear or obvious) error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Prior to sentencing, Ontiveros contended his life history, personal characteristics, and especially the circumstances of the offense warranted a lesser sentence. He explained he worked as a police investigator in Mexico for eight years and advised the court he acquired the ammunition at issue for

other officers and himself for target practice. He asserted he acquired the ammunition at his own expense because his police department did not issue ammunition for target practice. During sentencing, the court expressed concern that some of the ammunition Ontiveros purchased was designed for assault rifles, and that assault rifles are not typical of target practice.

The record reflects the court was aware of the information in the presentence investigation report, considered the arguments and letters of recommendation presented on Ontiveros' behalf, entertained his allocution, and made an individualized sentencing decision in light of the facts of the proceeding. *See Gall*, 552 U.S. at 49–50. Ontiveros' Guidelines sentence is entitled to a presumption of reasonableness. His assertions the sentence failed to reflect his personal history and characteristics or the mitigating circumstances involved are insufficient rebuttal. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Lopez–Velasquez,* 526 F.3d 804, 807 (5th Cir. 2008). Ontiveros has not shown the court plainly erred in imposing the sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.