# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60095
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEN ARTHUR BRACEY, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CR-56-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Len Arthur Bracey, Jr., appeals his above-guidelines sentence of 96 months of imprisonment for being a felon in possession of a firearm. He contends that his sentence was procedurally and substantively unreasonable. This court ordinarily reviews the reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Bracey's arguments are unavailing under this standard.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60095

The district court adequately explained Bracey's sentence. Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *See Gall*, 552 U.S. at 51. Here, the district court provided a sufficient, and rather lengthy, explanation for its above-guidelines sentence, which it explicitly based on various specific § 3553(a) factors. *See Gall*, 552 U.S. at 51; *United States v. Pillault*, 783 F.3d 282, 286, 289-90 (5th Cir. 2015); *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).

As for substantive reasonableness, a non-Guidelines sentence fails to comport with § 3553(a) where it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Bracey essentially asks that this court reweigh the § 3553(a) factors, which is not within the scope of this court's review, *see Gall*, 552 U.S. at 51. There is no merit to Bracey's argument that the court overemphasized his criminal history and the nature and circumstances of his offense because the court was entitled to place appropriate weight on those sentencing factors. *See Pillault*, 783 F.3d at 288-89; *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Finally, although Bracey contends that the district court improperly relied upon his personal characteristics and behavior, the district court's statements at sentencing refute that the court placed significant weight on any arguably improper factor. *Diehl*, 775 F.3d at 724.

AFFIRMED.