# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-50486
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gustavo Nabor Tolentino-Cortes,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-3289-1

———————————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Gustavo Nabor Tolentino-Cortes appeals the 48-month sentence imposed for his conviction of illegal reentry in violation of 8 U.S.C. § 1326. He contends that his upward-variant sentence is substantively unreasonable and complains that the district court gave insufficient weight to the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50486

Guidelines and too much weight to the aggravating factors present in his criminal and removal history.

The record in this case indicates the district court considered the Guidelines and the 18 U.S.C. § 3553(a) factors and chose to vary upwardly in light of Tolentino-Cortes's criminal and removal history, which was within its discretion to do. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015); 18 U.S.C. § 3553(a)(1) & (2)(A)-(C). He has not shown that the extent of the variance was unreasonable as it is similar to other variances we have affirmed. *See, e.g.*, *United States v. Lopez-Velasquez*, 526 F.3d 804, 805, 807 (5th Cir. 2008).

Tolentino-Cortes has not demonstrated that the district court abused its discretion by imposing a sentence that unreasonably failed to reflect the § 3553(a) factors. *See Diehl*, 775 F.3d at 724. We therefore defer to the district court's determination that the § 3553(a) factors, on the whole, warranted the variance. *See id.*

AFFIRMED.