# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-10816
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TOMAS BALLEZA-CORTEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-40-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mexican national Tomas Balleza-Cortez (Balleza) appeals the 71-month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. For the first time on appeal, he argues that the sentence imposed is unreasonable because the district court failed to explain adequately its reasons for imposing sentence or for rejecting his mitigation arguments. We review the newly raised argument for plain error only. *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Casper*, 536 F.3d 409, 416 (5th Cir. 2008), *vacated on other grounds,* 2009 U.S. LEXIS 3316 (U.S. May 4, 2009) (No. 08-7228); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 806-07 (5th Cir.), *cert. denied,* 129 S. Ct. 625 (2008). To demonstrate plain error, Balleza show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Balleza has failed to make the required showing. His arguments are premised upon assertion that the district court did not explain the reasons for imposing sentence, which assertion is factually incorrect. The record makes plain that the district court declined to depart upwardly but relied upon the facts in the presentence report that would justify such departure, to wit: the extensiveness of Balleza's criminal past, his suspected involvement in gang activities, his two adult felony convictions, and his multiple uncharged illegal reentries, as the reason for imposing sentence at the high end of the applicable guidelines range; it further specifically stated that it had considered the § 3553(a) factors in making its determination. These reasons were sufficient. *See Rita v. United States*, 127 S. Ct. 2456, 2469 (2007).

The within-guidelines sentence Balleza received is presumptively substantively reasonable. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Balleza has not demonstrated any clear or obvious error in the district court's judgment, and the judgment is therefore AFFIRMED.