**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-41098
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE GUADALUPE LUNA-MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-621-1

Before JOLLY, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Luna-Martinez appeals the 57-month sentence imposed following his guilty plea conviction for being found unlawfully present in the United States after deportation in violation of 8 U.S.C. § 1326(a) & (b). He argues that the district court erred in imposing a sentence within the advisory guideline range without explaining why it rejected his nonfrivolous arguments for a lower sentence. He argues that a lower sentence was warranted because he returned to the United States to obtain employment to support his wife and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

four children, who are United States citizens and because his wife is disabled and needs help to care for their four children. He argues that the district court's failure to address his arguments constitutes error and prevents meaningful appellate review of the substantive reasonableness of his sentence.

Luna-Martinez acknowledges that he did not object to the adequacy of the district court's explanation of the sentence at the sentencing hearing, and that under this court's precedent, plain error review applies. However, he argues that plain error review is inapplicable and states that he is raising the issue to preserve it for further review. This court has held that, in the absence of an objection, it will review the adequacy of a district court's explanation of its sentence only for plain error. *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In the instant case, the district court imposed a sentence within the advisory guideline range and denied Luna-Martinez's request for a lower sentence without explicit reasons. The district court rejected defense counsel's argument that Luna-Martinez's criminal history category overrepresented the seriousness of his criminal history. The district court listened to and considered the arguments for a sentence below the advisory guideline range, adopted the facts in the Presentence Report, noted that Luna-Martinez had 11 criminal history points arising out of drug trafficking and other offenses, considered the 18 U.S.C. § 3553(a) factors, and determined that a sentence at the low end of the advisory guideline range satisfied the § 3553(a) factors. *See Rita v. United States*, 127 S. Ct. 2456, 2469 (2007) (holding that district court's statement that the guideline range was "appropriate" and "not inappropriate" provided

sufficient reasons for rejecting request for a sentence below the guideline range); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 362-64 (5th Cir. 2009).  Even if the district court erred in not providing adequate reasons for rejecting Luna-Martinez's arguments, Luna-Martinez had not shown that the error affected his substantial rights as he has not shown that a more thorough explanation by the district court would have changed his sentence.  *See Mondragon-Santiago*, 564 F.3d at 362-64.  Luna-Martinez has not shown that the district court plainly erred in rejecting his arguments for a sentence below the advisory guideline range without providing adequate reasons.  *See id.*

AFFIRMED.