# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-50428
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL MARTIN MARTINEZ-HERNANDEZ, also known as Manuel Jesus
Cervantes-Sanchez,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
No. 1:09-CR-16

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Martin Martinez-Hernandez appeals the 48-month sentence imposed by the district court following his conviction of one charge of illegal reentry into the United States. According to Martinez-Hernandez, his sentence, which exceeded the recommended Guidelines range, is improper because it is greater than necessary to satisfy the sentencing goals outlined in 18 U.S.C. § 3553(a). We disagree.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court generally reviews sentences for reasonableness in light of the sentencing factors of § 3553(a). *See United States v. Booker*, 543 U.S. 220, 261 (2005). Under this standard, we first determine whether the sentence is unreasonable due to a procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally reasonable, we consider whether it is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* When a sentence is outside the Guidelines, we give deference to the sentencing court's decision that the § 3553(a) factors justify the variance. *Id.*

According to Martinez-Hernandez, the Guidelines for illegal reentry result in high sentencing ranges because they double-count certain prior offenses. He contends that he reentered this country to try to earn money to help his father pay for cancer treatments, and he complains that the Guidelines fail to account for this allegedly benign motive. He argues that the district court chose a 48-month sentence without considering whether a sentence between that period and the 21-month Guidelines maximum sufficed to meet the goals of § 3553(a). These arguments are unavailing.

Insofar as Martinez-Hernandez asserts that the district court randomly arrived at a 48-month sentence, our review of the record controverts this assertion and shows that the district court chose this sentence based on its belief that it was necessary to satisfy the concerns outlined in § 3553(a). The district court noted Martinez-Hernandez's twenty-six aliases, eight birth dates, a false Social Security number, and four prior convictions for being in this country illegally. The district court's oral and written reasons for its choice of sentence show that it was particularly concerned with deterrence as well as the needs to impose a just punishment, to promote respect for the law, and to protect the public. All of these are proper factors to consider when imposing sentence. *See* § 3553(a). The sentence imposed "was reasonable under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th

Cir. 2008) (quotation marks omitted); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008) (upholding upward variance based on the nature and characteristics of the defendant and his criminal history).

The judgment of the district court is AFFIRMED.