# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2011

Lyle W. Cayce
Clerk

No. 10-11172
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN GERARDO LANDA-ORDAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-107-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Juan Gerardo Landa-Ordaz (Landa) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. The district court sentenced Landa to 40 months of imprisonment, an upward variance from the guidelines sentence range of 21-27 months of imprisonment.

Landa argues that the sentence was unreasonable. He asserts that the district court did nothing more than pay lip service to any sentencing factor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other than his criminal history, thereby failing to account for mitigating factors that should have been given significant weight and making a clear error of judgment in balancing the sentencing factors. He maintains that his criminal history was given too much weight because it was used to raise his offense level and criminal history category in the guidelines range calculations and then used again to justify the upward variance from the guidelines range. He contends that his cultural assimilation should have been given more weight because he was brought to the United States when he was three years old, because he went to school in the United States, because his family lived in the United States, and because he had worked at numerous jobs in the United States. He argues that the extent of the upward variance was too great because it would have taken an additional four offense levels and one criminal history category for the 40-month sentence to be within the guidelines range. He concludes that the sentence was greater than necessary to reflect the seriousness of the offense, to provide adequate punishment, to protect the public, and to avoid unwarranted sentence disparities.

Landa had a total offense level of 10 and a criminal history category of V, and it would have taken a total offense level of 14 and a criminal history category of VI to get to a guidelines sentence range including the 40-month sentence. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). Nevertheless, the sentence was only 13 months greater than the top end of the guidelines range. The district court heard from three witnesses who made statements on Landa's behalf, and it explicitly stated that it had considered Landa's arguments in mitigation in determining the sentence. In addition to Landa's prior convictions, the district court found that Landa had committed the domestic violence assault with which he was charged but not convicted, and Landa does not challenge this factual finding on appeal. Although Landa's criminal history was accounted for in the guidelines sentence range, the district court was allowed to consider his criminal history as a basis for an upward variance. *United States v. Lopez-*

*Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  "While cultural assimilation *may* be considered as a mitigating factor, *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 433 (5th Cir. 2001), there is no requirement that a sentencing court *must* accord it dispositive weight." *Lopez-Velasquez*, 526 F.3d at 807.  Given the relatively small extent of the variance, Landa's criminal history of five prior convictions and three deportations, and the deference given to district court determinations regarding § 3553(a) factors, Landa has not shown that the sentence was unreasonable.  *See id.*; *Gall v. United States*, 552 U.S. 38, 51 (2007).

Landa argues that the district court violated his rights to due process and equal protection and his right to a reasonable sentence free from an unwarranted disparity because of the lack of a "fast-track" program in the Northern District of Texas.  As Landa concedes, this argument is foreclosed.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 559-64 (5th Cir. 2008); *Lopez-Velasquez*, 526 F.3d at 808.

AFFIRMED.