**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2012

No. 11-60783
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRODERICK DAMON DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:10-CR-83-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Broderick Damon Davis appeals the sentence imposed following his guilty plea to possession of an unregistered "sawed-off" shotgun. He argues that his 46-month, above-guidelines sentence was unreasonable. We affirm.

We generally review a district court's sentencing decision under a "deferential abuse-of-discretion standard." *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010) (internal quotation marks and citation omitted), *cert. denied*, 131 S. Ct. 997 (2011). Because the sentencing judge sits in a superior position

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to make factual findings and judge their import under 18 U.S.C. § 3553(a), our review is "highly deferential." *Id.* (internal quotation marks and citation omitted).

Davis contends that because his objection to the U.S.S.G. § 2K2.1(b)(6) enhancement was sustained based on insufficient evidence of an attempted burglary, the district court was left with no reasonable justification for imposing an above-guidelines sentence. This conclusion is belied by the sentencing record. The testimony revealed that on the night Davis was arrested, he was kicking in the door to his estranged wife's home to gain access to the residence, his wife had a male companion with her in the home, and she feared for her life, as Davis had already shot her on one prior occasion. Similarly, Davis's contention that the advisory guidelines range reasonably accounted for Davis's personal history and characteristics, respect for the law, and just punishment is also belied by the record, which fully supports the district court's finding that Davis is a violent criminal. The district court's reasons for the deviation were fact-specific and allowed for meaningful appellate review. *See Key*, 599 F.3d at 474.

Davis's allegation that the district court had pre-determined that it would impose a 46-month sentence before any evidence was adduced on the § 2K2.1(b)(6) issue is purely speculative. Nevertheless, nothing in the testimony adduced at sentencing suggests that an above-guidelines sentence was unreasonable. Insofar as Davis takes issue with the extent of the deviation, he does so in a purely conclusional fashion. We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). The 46-month sentence imposed by the district court represents a 16-month variance from the top of the guidelines range. We have affirmed more significant deviations. *See, e.g., Key*, 599 F.3d at 475-76 (affirming a 216-month sentence when the applicable guidelines range was 46 to 57 months); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.

2008) (affirming a 72-month sentence when the upper end of the guidelines range was 30 months); *United States v. Smith*, 440 F.3d 704, 705-06, 708-10 (5th Cir. 2006) (upholding a 60-month sentence when the upper end of the guidelines range was 27 months). Davis fails to show that the district court abused its discretion by imposing a substantively unreasonable sentence. *See Gall*, 552 U.S. at 51.

AFFIRMED.