# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2013

Lyle W. Cayce
Clerk

No. 12-20796
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

FRANKLIN CORDOBA-MOSQUERA, also known as Juan Carlos Argulo, also known as Franklin Mosquera Cordoba, also known as Franklin A. Cordona, also known as Nerixander Garcia Vasquez,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-274-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Franklin Cordoba-Mosquera (Cordoba) appeals the 70-month sentence of imprisonment imposed following his guilty plea conviction of being illegally present in the United States following removal after conviction of an aggravated felony. The district court determined that Cordoba should be sentenced at the bottom of the applicable guideline range of 77 to 96 months, and it adjusted the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence of imprisonment to give Cordoba credit for the time he had been in custody.  Cordoba contends that the sentence is procedurally and substantively unreasonable.

Our review of the reasonableness of sentences is bifurcated.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  First, we ensure that the sentencing court committed no significant procedural error, such as "failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Id.*  If the sentencing decision is procedurally sound, we then evaluate the substantive reasonableness of the sentence under an abuse-of-discretion standard.  *Id.*

As Cordoba concedes, he did not specifically object to his sentence, and he acknowledges that under our precedents he is therefore required to demonstrate plain error.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Cordoba notes that the circuits are divided as to whether a defendant must specifically object to his sentence in order to avoid plain error, and he wishes to preserve this issue for possible further review.  Under the plain error standard, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant satisfies the first three elements of the plain error standard, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Cordoba contends that the district court erred procedurally with respect to its explanation of the sentence imposed, as it did not address his nonfrivolous arguments for a lower sentence and did not specifically address the sentencing factors of 18 U.S.C. § 3553(a).  Because nothing in the record indicates the district court would have imposed a different sentence had it provided additional explanation, Cordoba has not shown that the district court's error, if any,

affected his substantial rights. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 363-64 (5th Cir. 2009).

Challenging the substantive reasonableness of his sentence, Cordoba asserts that the district court gave too much weight to his criminal history and that it gave insufficient consideration to the adversities he faced during childhood. He contends that the sentence imposed by the district court is excessive because it resulted from the application of a 16-level enhancement based on an aggravated assault conviction that was remote in time. Cordoba notes that the sentence on his illegal reentry offense is much longer than the sentence he served for his previous aggravated assault conviction. He preserves for possible further review his contention that, because the illegal reentry guideline is penologically flawed, a presumption of reasonableness should not apply.

Cordoba's arguments amount to a mere disagreement with the weight the district court gave to the various sentencing factors and thus are insufficient to warrant reversal. *See Gall*, 552 U.S. at 51. He has failed to show error, plain or otherwise.

AFFIRMED.