# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30207
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN TORIANO CRIMIEL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-47-1

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Brian Toriano Crimiel appeals his concurrent sentences of one year for damage to religious property and five years for making a false statement. *See* 18 U.S.C. §§ 247(c) and (d)(4), 1001. In pleading guilty, Crimiel admitted to damaging two churches in Lafayette, Louisiana based on the race of the members of the congregation. Additionally, he admitted that he sought to incriminate his ex-girlfriend for the crimes and that he made false statements

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30207

related to the crimes to a Federal Bureau of Investigation agent. He now argues that his sentence, which was above the advisory Sentencing Guidelines range of 24-30 months, was based on the district court's disagreement with the Guidelines but was unsupported by the record and thus substantively unreasonable.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review a sentence for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Rodriguez*, 711 F.3d 541, 547 n.5 (5th Cir. 2013) (en banc). When, as in this case, the district court varies from the Guidelines range, we evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth at § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). A sentence that is an upward variance from the guidelines range is unreasonable if the district court (1) did not account for a factor that should have received significant weight, (2) gave significant weight to an irrelevant or improper factor, or (3) made a clear error of judgment in balancing the sentencing factors. *Id.* at 708.

In setting the sentence, the district court tied its reasons for the sentence closely to the § 3553(a) factors. The district court found that Crimiel's goal in attacking the churches was to "strik[e] fear in the community" and incriminate an innocent individual. In light of those facts, the district court determined that the guidelines failed to reflect the seriousness of the offense. *See* § 3553(a)(1) and (a)(2)(A). Additionally, the district court found that, given Crimiel's criminal history, a guidelines sentence would be insufficient to deter future criminal conduct by Crimiel and to protect the community from such conduct. *See* § 3553(a)(2)(B). Further, the district court concluded that Crimiel's actions in the past and during the instant offense demonstrated a

No. 13-30207

disdain for the law which required a harsher sentence than that provided by the Guidelines.

Crimiel's arguments that the guidelines adequately represented the seriousness of the offense, that his criminal history score adequately accounted for his criminal background, and that his untruthfulness to federal agents was minimally harmful to the investigation ultimately amounts to no more than a disagreement with the district court's weighing and analysis of the § 3553(a) factors. Such disagreement is insufficient to show that the sentencing judge abused his discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Smith*, 440 F.3d at 708. The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Crimiel has similarly failed to show that the district court abused its discretion as to the extent of the variance. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 805-08 (5th Cir. 2008).

We thus AFFIRM the judgment of the district court.