# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2013

Lyle W. Cayce
Clerk

No. 12-51056
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERMAINE TRAMON MEDEARIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-43-1

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jermaine Tramon Medearis appeals the 51-month sentence imposed following the revocation of his supervised release. Medearis argues that the sentence is unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He asserts that the sentence does not punish him for violating the court's trust, but rather for the new conviction underlying the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51056

revocation of his supervised release.   Medearis further argues that the sentence punishes him for problems that he has been trying to overcome, i.e, his depression and the ability to acclimate to life outside prison.

We review preserved challenges to revocation sentences under a "plainly unreasonable" standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).   However, because Medearis failed to object in the district court to the reasonableness of his revocation sentence, our review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).   To show plain error, Medearis must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).   If Medearis makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Medearis has not shown error, plain or otherwise, with regard to his revocation sentence.  His 51-month sentence, which was at the bottom of the sentencing range recommended by the policy statements, is entitled to a presumption of reasonableness.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).   To the extent that Medearis disagrees with the revocation sentence or disputes the weight that the district court afforded various sentencing factors, he has failed to rebut the presumption of reasonableness.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Accordingly, the judgment is AFFIRMED.