# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50207
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MILTON WILFREDO HIDALGO-SEGURA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1954-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Milton Wilfredo Hidalgo-Segura violated the terms of his supervised release by illegally reentering this country, and the district court sentenced him on revocation of his supervised release, within the advisory policy guidelines range, to 12 months of imprisonment to run consecutively to his new illegal reentry sentence. Hidalgo-Segura now appeals, arguing that the sentence was greater than necessary to protect the public and deter him from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50207

reoffending, in light of the fact that he has become quite religious and realized that he would like to be a youth pastor in his native country, Guatemala.

Revocation sentences generally are reviewed under the "plainly unreasonable" standard of 18 U.S.C. § 3742(a)(4). *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). When, as here, a defendant does not preserve his objection for appeal, we review revocation sentences for plain error. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). The Sentencing Guidelines recommend revocation sentences be ordered to run consecutively to other terms of imprisonment. U.S.S.G. § 7B1.3(f) & comment. (n.4); *see United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007) (citing § 7B1.3(f)).

Hidalgo-Segura does not dispute that the revocation sentence fell within the advisory range, and because it was consistent with the Guidelines' advice regarding concurrent or consecutive sentences, it is entitled to an appellate presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008) (holding that consecutive revocation sentence that fell squarely within the guidelines range was presumptively reasonable). Hidalgo-Segura has not rebutted that presumption, and the district court's revocation order is not plainly erroneous. AFFIRMED.