# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50650
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO MUNOZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:95-CR-442-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alejandro Munoz was convicted of possession with the intent to distribute cocaine and was sentenced to 74 months of imprisonment, to be followed by five years of supervised release. The district court revoked his supervised release and sentenced Munoz to 24 months of imprisonment. Munoz now challenges the substantive reasonableness of his revocation sentence, which was within the advisory range, arguing that it is greater than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary to achieve the factors set forth in 18 U.S.C. § 3553(a).  He asserts that the district court did not consider the fact of his self-surrender and that the sentence should not have been imposed consecutively to a state court sentence.

This court reviews revocation sentences under the "plainly unreasonable" standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  Munoz argues that revocation sentences should be reviewed under the reasonableness standard as set forth in *United States v. Booker*, 543 U.S. 220 (2005).  He acknowledges that this issue is foreclosed, but he seeks to preserve the issue for further possible review.

The revocation sentence imposed in the instant case fell within the advisory range, and is, therefore, entitled to an appellate presumption of reasonableness.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).  Munoz's arguments amount to nothing more than a disagreement with the sentence imposed, and he fails to rebut the presumption of reasonableness attached to his sentence.  *See id.*

The judgment of the district court is AFFIRMED.