**UNITED STATES of America,**
**Plaintiff–Appellee**

**v.**

**Manuel Guereca–De SANTIAGO,**
**Defendant–Appellant.**

**No. 13–11414**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 15, 2014.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, Michelle Denise Allen–McCoy, Assistant U.S. Attorney, U.S. Attorney's Office, McAllen, TX, for Plaintiff–Appellee.

Monica F. Markley, Federal Public Defender's Office, Fort Worth, TX, Laura S. Harper, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Manuel Guereca–De Santiago appeals the 18–month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He argues that his sentence is substantively unreasonable because the district court failed to properly consider his cultural assimilation and, as a result, failed to properly balance the relevant sentencing considerations. In connection with that argument, he states that he met the requirements for a downward departure for cultural assimilation pursuant to Application Note 8 to U.S.S.G. § 2L1.2.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States,* 552 U.S. 38, 56, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). "When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the 18 U.S.C. § 3553(a) factors, we will give great deference to that sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.* The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009).

The record reflects that the district court adequately considered Guereca–De Santiago's request for a sentence below the guidelines range, the Government's argument in favor of a within-guidelines sentence, and the § 3553(a) factors, including his cultural assimilation argument. The court explicitly adopted the findings of the PSR, which included information about Guereca–De Santiago's childhood, schooling, and family. The court also heard similar evidence at the sentencing hearing, both from counsel and from Guereca–De Santiago's brother. Having "taken into account the conduct admitted to in the Factual resume as well as those matters required to be considered by [18 U.S.C. § ] 3553," the district court imposed a sentence in the middle of Guereca–De Santiago's guidelines range. After Guereca–De Santiago objected to the sentence "as unreasonable considering all of the [18 U.S.C. § ] 3553 factors," the court reiterated:

> As I mentioned, I have gone through the factors individually and I've determined that this is the appropriate sentence, given his criminal history and his multi-

ple reentries ... and ... his personal facts and circumstances and, as I mentioned, I've also decided to impose a term of supervised release, again, to serve as a deterrent to his future reentry, given his past history. So I will overrule that objection and I will the order the sentence imposed as stated.

Moreover, "[w]hile cultural assimilation *may* be considered as a mitigating factor, there is no requirement that a sentencing court *must* accord it dispositive weight." *United States v. Lopez–Velasquez,* 526 F.3d 804, 807 (5th Cir.2008). Guereca–De Santiago's assertion regarding his cultural assimilation is insufficient to rebut the presumption of reasonableness given to his within-guidelines sentence. *See United States v. Gomez–Herrera,* 523 F.3d 554, 564–66 (5th Cir.2008); *United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008). Therefore, Guereca–De Santiago has failed to show that his sentence is substantively unreasonable, and the district court did not err in denying him a downward variance.

To the extent that Guereca–De Santiago contends that the district court denied him a downward departure under Application Note 8 to U.S.S.G. § 2L1.2 based upon cultural assimilation, we lack jurisdiction to review his claim. *See United States v. Hernandez,* 457 F.3d 416, 424 (5th Cir. 2006) ("[T]his Court ordinarily has no jurisdiction to review a court's refusal to downwardly depart ... even where the district court responds to a request for downward departure with a summary denial without explanation or with an implicit denial by imposing a Guideline sentence.").

We AFFIRM Guereca–De Santiago's sentence and DENY his motion to expedite the appeal.