# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-10057
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LIRA-RODRIGUEZ,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-199-1

—————

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Lira-Rodriguez pleaded guilty to illegal reentry following deportation. The district court varied upward from the applicable guidelines sentencing range of 57 to 71 months and sentenced Lira-Rodriguez to 100 months of imprisonment and a three-year term of supervised release. Lira-Rodriguez now appeals his sentence as being substantively unreasonable. He argues that the upward variance was based on old convictions and that the district court failed to give appropriate weight to the fact that he had spent

—————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10057

most of his life in the United States and to the fact that he had already been punished for his prior crimes.

Sentences, whether inside or outside the Guidelines, are reviewed for reasonableness in light of the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation and citations omitted).

The record reflects that the district court considered Lira-Rodriguez's mitigating arguments but appropriately relied on several § 3553(a) factors in determining that an above-guidelines sentence was warranted. Those factors included the nature and circumstances of the offense; Lira-Rodriguez's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to provide adequate deterrence to criminal conduct; and the need to protect the public from further crimes by Lira-Rodriguez. The district court's decision to vary above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a). *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Lira-Rodriguez has not shown that the district court committed clear error in balancing the sentencing factors. *See Chandler*, 732 F.3d at 437. Further, the extent of the variance is similar to other variations affirmed by the court. *See United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008); *Lopez-Velasquez*, 526 F.3d at 807.

AFFIRMED.