# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51225
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARVIN KENNETH MORALES, also known as Miguel Higareda, also known as Jose Ayala, also known as Victor Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-172-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Marvin Kenneth Morales appeals the above-guidelines sentence imposed following his guilty plea for illegal reentry into the United States. He challenges the substantive reasonableness of his sentence. "A non-Guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in [18 U.S.C.] § 3553(a) where it (1) does

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). "[R]eview for substantive reasonableness is highly deferential." *Id.* (internal quotation marks and citations omitted).

We review the substantive reasonableness of the sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court based its above-guidelines sentence on permissible statutory sentencing factors. *See* § 3553(a). Morales asks, explicitly in part, that we reweigh the § 3553(a) factors, which is not within the scope of our review. *See Gall*, 552 U.S. at 51. There is no indication that the district court gave improper weight to his history of past offenses or any mitigating factors. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Likewise, the degree of the upward variance here does not render the sentence substantively unreasonable. *See United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.