# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60501
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES TRACY CUNEO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CR-168-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Tracy Cuneo appeals the revocation of his supervised release following his sentence for failure to register as a sex offender. He challenges the substantive reasonableness of his 14-month term of imprisonment, which fell within the range of the guidelines policy statement. Sentences imposed upon revocation of supervised release are reviewed under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard, which is more deferential than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60501

the reasonableness standard applicable to sentences imposed upon conviction. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). The district court heard Cuneo's mitigating arguments and concluded that a within-guidelines sentence of 14 months was appropriate. Cuneo's argument that he should have received a lower sentence in light of the circumstances surrounding the violations amounts to a disagreement with the district court's balancing of the 18 U.S.C. § 3553(a) sentencing factors, and this court will not reweigh those factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Cuneo has not overcome the presumption of reasonableness that applies. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). The district court's judgment is affirmed. Cuneo's motion for appointment of new counsel is denied. *See* Fifth Circuit Plan Under the Criminal Justice Act, § 5(B); *United States v. Breeland*, 53 F.3d 100, 106 n.11 (5th Cir. 1995).

AFFIRMED; MOTION TO APPOINT NEW COUNSEL DENIED.