# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20465
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO HERNANDEZ-DOMINGUEZ, also known as Ignacio Pedro Hernandez, Jr., also known as Ignacio Pedro Hernandez-Dominguez, also known as Ignacio Pedro Hernandez Dominguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-25-1

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Ignacio Hernandez-Dominguez pleaded guilty to illegal reentry after a felony conviction in violation of 8 U.S.C. § 1326(a), (b)(1). The presentence report (PSR) calculated Hernandez-Dominguez's guidelines imprisonment range as 10-16 months. The district court sentenced Hernandez-Dominguez to an above-guidelines sentence of 30 months of imprisonment followed by 3 years

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of supervised release.  Hernandez-Dominguez appeals, arguing that his above-guidelines sentence is procedurally and substantively unreasonable because it is based on clearly erroneous facts regarding his deportation history.

He concedes that he did not object to the procedural reasonableness of his sentence.  "When a defendant fails to raise a procedural objection below, appellate review is for plain error only."  *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).  Hernandez-Dominguez preserved his challenge to the substantive reasonableness of his sentence; therefore, that issue is reviewed for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

At the sentencing hearing, the district court explained that an upward variance was warranted based on Hernandez-Dominguez's multiple prior deportations.  The court first stated that "[t]he Defendant was removed from the United States in September of 2005. . . . [H]e was back in the United States within a very short period of time, found here by February 28th of '06, just a few months later.  This statement was in error.  The PSR reflects that Hernandez-Dominguez was actually in state custody from September 2005 to February 2006, and he was not deported for the first time until April 2006.  After the court's erroneous statement, to which there was no objection, the court correctly listed Hernandez-Dominguez's three actual deportations in April 2006, August 2015, and August 2016.

When considered in the context of the record as a whole, it is clear that Hernandez-Dominguez's substantial rights were not affected.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  The court's misstatement regarding a single removal, especially where it was stated to have occurred during the first year of Hernandez-Dominguez's 11-year history of removals, deportations,

and other criminal activity, could not have been so compelling such that it resulted in a procedurally unreasonable sentence under plain error review.

Hernandez-Dominguez also claims that his sentence is substantively unreasonable. According to Hernandez-Dominguez, the district court gave significant weight to an irrelevant or improper factor when it justified the upward variance by relying on clearly erroneous facts regarding his prior deportations. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Moreover, he claims that the court's balancing of the sentencing factors was "infected" by "clearly erroneous factual determinations," and, therefore, the court's stated reasons did not justify the variance.

The district court's single erroneous statement regarding Hernandez-Dominguez's deportation history cannot be said to have infected the court's consideration of the statutory sentencing factors. As stated, the district court justified the upward variance based on Hernandez-Dominguez's history of prior removals, deportations, and reentries. The court noted that Hernandez-Dominguez had not been deterred from continued illegal reentries despite a federal conviction and that an upward variance was necessary to afford adequate deterrence and to promote respect for the law. Taking into account the totality of the circumstances and giving appropriate deference to the district court's consideration of the 18 U.S.C. § 3553(a) factors, it cannot be said that the district court abused its discretion. *See United States v. Fraga*, 704 F.3d 432, 439-40 (5th Cir. 2013).

The judgment of the district court is AFFIRMED.