# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60288
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GEORGE MAURICE STEELE,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CR-120-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

In challenging the revocation of his term of supervised release and the sentence imposed following that revocation, George Maurice Steele asserts: the district court committed reversible error by permitting certain hearsay statements at his revocation hearing; and his revocation sentence is unreasonable because the court imposed consecutive terms of imprisonment for each of the four underlying counts of conviction.

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-60288

Steele commenced a term of supervised release in February 2016.  In December 2018, his probation officer filed a petition for an arrest warrant, alleging Steele violated two mandatory conditions of his supervised-release term:  being arrested for domestic-aggravated assault and shooting into an occupied dwelling; and being in possession of a firearm prior to this arrest.

During Steele's revocation hearing, the court heard testimony from two residents of the occupied dwelling into which it was alleged Steele fired.  Both residents testified to seeing him in possession of a firearm; they also testified their neighbor (the victim's young child) stated his mother had been shot by Steele.

Steele contends the court erred by overruling his objection and allowing the residents' testimony regarding the young child's statement.  He claims this violated his right to confront the witness.

"A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated." *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995) (citing 18 U.S.C. § 3583(e)(3)).  Although a decision to revoke supervised release is reviewed for abuse of discretion, *McCormick*, 54 F.3d at 219 (citation omitted), whether the court violated the constitutional right to confrontation in a revocation proceeding is reviewed *de novo*, subject to harmless-error analysis. *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010) (citation omitted).

Had revocation been based solely on the residents' testimony regarding their observations of Steele in possession of a firearm, the court would not have abused its discretion in finding, by a preponderance of the evidence, that Steele possessed a firearm as provided in the second allegation of the revocation petition.  This finding required the mandatory revocation of Steele's term of supervised release, pursuant to 18 U.S.C. § 3583(g)(2).  Therefore, any error in

the admission of separate hearsay evidence was harmless. *See, e.g.*, *United States v. Kindred*, 918 F.2d 485, 487–88 (5th Cir. 1990) (holding any error in revoking supervised release based on improper grounds was harmless because § 3583(g) mandated revocation).

For the challenge to consecutive, rather than concurrent, sentences being imposed for each underlying count of conviction, sentences imposed upon revocation of supervised release are reviewed under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard, which is more deferential than the reasonableness standard applicable to sentences imposed upon conviction. *United States v. Warren*, 720 F.3d 321, 326, 329 (5th Cir. 2013) (citations omitted). Pursuant to this standard, we "first ensure that the district court committed no significant procedural error". *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012) (internal quotation marks and citation omitted). Next, we consider the "substantive reasonableness of the sentence imposed". *Id.* (citation omitted). A presumption of reasonableness applies to within-Guidelines revocation sentences. *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). If we conclude the revocation sentence is unreasonable, we may reverse only if "the error was obvious under existing law". *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (citation omitted).

Conceding the district court properly calculated the revocation sentencing range for each of the four underlying counts of conviction and imposed a within-Guidelines sentence, Steele acknowledges the presumptive reasonableness of the sentence. In imposing the sentence, the court explained it addressed the need "to afford adequate deterrence to criminal conduct while on supervised release and to protect the public from further crimes committed by [Steele]". *See* 18 U.S.C. § 3553(a)(2)(B), (C).

As stated in his brief: "One reason for [challenging his sentence's length] on appeal is to preserve the issue in case there is a change of law before the appeal is final". Other than this reason, Steele claims only that "[i]mposing a revocation sentence that is sixty percent of the very lengthy 180-month sentence served on the underlying conviction is unreasonable". Steele has shown neither procedural error or substantive unreasonableness, let alone an obvious error in the application of existing law.

AFFIRMED.