# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30554
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN KEITH HEBERT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CR-315-7

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Brian Keith Hebert appeals the sentence imposed following the revocation of his supervised release. He contends that the ten-month term of imprisonment was substantively unreasonable because it was greater than necessary to accomplish the goals of sentencing.

We typically review a revocation sentence to determine whether it is "plainly unreasonable." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30554

2011).  A revocation sentence is substantively unreasonable where the district court did not account for a sentencing factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).  Revocation sentences within the advisory guideline range are presumptively reasonable. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

Here, Hebert fails to show that his sentence was unreasonable, much less plainly so. *See Miller*, 634 F.3d at 843; *see also United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) (concluding that we need not resolve which standard of review governs as the appellant's argument failed under the standard more favorable to the appellant).  The district court found that Hebert's multiple positive drugs tests within the span of less than a year warranted a sentence near the bottom of the guideline range.  Hebert fails to overcome the presumption that the sentence was reasonable. *See Warren*, 720 F.3d at 332-33; *Lopez-Velasquez*, 526 F.3d at 809.

AFFIRMED.