# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2020

Lyle W. Cayce
Clerk

No. 20-60058
consolidated with
No. 20-60061
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUSSELL LAWAYNE MONTAGUE,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CR-26-1
USDC No. 3:19-CR-231-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

In these two consolidated appeals, Russell Lawayne Montague challenges: the four consecutive, within-Sentencing Guidelines policy-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60058
c/w No. 20-60061

statement sentences of 24-months' imprisonment (a total of 96 months) imposed upon revocation of his supervised release, which was part of his sentence in 2005 for stealing a firearm moved in interstate commerce, receiving an unregistered firearm, being a felon in possession of a firearm, and using a firearm during a drug crime, in violation of 18 U.S.C. § 924(1), 26 U.S.C. § 5861(d), 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 924(c)(1); and the consecutive, within-Guidelines policy-statement sentence of 18-months' imprisonment imposed upon revocation of his supervised release, which was part of his sentence in 2011 for escape from custody, in violation of 18 U.S.C. § 751(a). He maintains: the district court erroneously found he violated the conditions of his supervised release (Violation 1 for violating an order of protection and Violation 2 for possessing a controlled substance; he does not contest two other violations); and his resultant 114-month sentence is substantively unreasonable. His claims fail.

The decision to revoke supervised release is reviewed for abuse of discretion. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995). A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of [the] supervised release". 18 U.S.C. § 3583(e)(3). The evidence, including testimony by Montague and his probation officer, demonstrates by a preponderance of evidence Montague committed the crimes underlying Violations 1 and 2. Accordingly, the district court did not abuse its discretion in revoking his terms of supervised release on those grounds. *See McCormick*, 54 F.3d at 219.

Revocation sentences are reviewed under the plainly-unreasonable standard of review. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). The substantive reasonableness of a sentence imposed on revocation is subject to the same standards used to review whether an initial sentence is substantively reasonable. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (citing cases addressing an initial sentence in reviewing a

2

No. 20-60058
c/w No. 20-60061

revocation sentence). "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* (internal quotation marks and citation omitted). A presumption of reasonableness applies to within-Guidelines policy-statement revocation sentences. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

The revocation sentences are within the applicable Guidelines policy-statement ranges of imprisonment and are therefore presumptively reasonable. *Id.* at 809. The court considered Montague's claims in favor of a sentence below the applicable Guidelines policy-statement ranges. The revocation sentences for both cases were based on the court's consideration of the Guidelines policy-statement ranges, Montague's prior criminal history, and the violation conduct. His challenge to the court's weighing of the statutory sentencing factors does not overcome the presumption of reasonableness. *Id.*

AFFIRMED.