# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2022

Lyle W. Cayce
Clerk

No. 21-50312
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SALVADOR VARELA-GONZALEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-491-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Salvador Varela-Gonzalez was sentenced to a within-Sentencing-Guidelines term of 12 months' imprisonment, imposed upon the revocation of his supervised release.  He contends his revocation sentence is substantively unreasonable because the district court did not account for, or

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

give sufficient weight to, his sister's testimony concerning his kidnapping and his father's illness.  (We need not consider whether Varela preserved his substantive-reasonableness challenge in district court because it fails even under the following, more lenient plainly-unreasonable standard of review, as opposed to plain-error review.  *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) (declining to decide standard of review and applying more lenient standard).)

As reflected above, a preserved challenge to a revocation sentence is reviewed under the plainly-unreasonable standard's two-pronged inquiry. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (holding *Booker* did not abrogate plainly-unreasonable review for revocation sentences); *United States v. Warren*, 720 F.3d 321, 326, 333 (5th Cir. 2013) (declining to reverse revocation sentence).   Our court first considers whether the court procedurally erred by, *inter alia*, failing to consider the 18 U.S.C. § 3553 sentencing factors.  *Warren*, 720 F.3d at 326.  If no such procedural error exists, substantive reasonableness is reviewed under an abuse-of-discretion standard.  *Miller*, 634 F.3d at 843.

If the sentence is unreasonable, reversal is proper only if "the error was obvious under existing law".  *Id.*  A presumption of reasonableness applies to within-Guidelines revocation sentences.  *United States v. Lopez-Velasquez*, 526 F.3d 804, 808–09 (5th Cir. 2008) (per curiam) (concluding defendant failed to rebut presumption).

 The record belies Varela's assertion that the court failed to account for his sister's testimony.  Moreover, Varela's contention that the court did not give significant weight to the testimony amounts to disagreement with the court's balancing of the sentencing factors and, accordingly, is not

No. 21-50312

sufficient to demonstrate his revocation sentence is plainly unreasonable. *Warren*, 720 F.3d at 332.

AFFIRMED.